In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 20-3073

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RICHARD UGBAH,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 15-CR-38-jdp — **James D. Peterson**, *Chief Judge*.

———————————

ARGUED APRIL 27, 2021 — DECIDED JULY 21, 2021

———————————

Before SYKES, *Chief Judge*, and EASTERBROOK and SCUDDER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. About halfway through his prison term for fraud, Richard Ugbah asked for compassionate release under 18 U.S.C. §3582(c)(1). He contended that his medical conditions (including diabetes, high blood pressure, and obesity) exposed him to extra risk from COVID-19, should he contract that disease in the prison's crowded quarters. He added that he has been well behaved in prison and is

likely to be removed from the United States following release. The district judge replied:

> I recognize that exposure to COVID-19 is a risk in any correctional facility, and that defendant is at a somewhat elevated risk of serious illness if he were infected. But that's not the end of the analysis. Defendant participated in multiple on-line fraud schemes that left many victims financially and emotionally devastated. I considered his remorse and cooperation in imposing two concurrent 12-year sentences. With credit for good time, he has under six years yet to serve. Releasing him to home confinement now would deprecate the seriousness of his offense and its impact on the victims. It would also produce an unwarranted disparity among similarly situated offenders, including the other participants in the scheme who I also sentenced. After considering all the factors in the policy statement in USSG §1B1.13 and the sentencing factors in 18 U.S.C. §3553(a), I am not persuaded that his circumstances warrant a reduction in his sentence. The motion is denied.

Ugbah contends on appeal that this explanation is too curt—that the judge failed to decide whether he has shown an "extraordinary and compelling" reason for release (the central requirement of §3582(c)(1)(A)(i)) and needed to analyze all factors that 18 U.S.C. §3553(a) makes relevant.

Section 3582(c)(1) permits a district judge to release a prisoner (subject to revised terms of supervised release) if the judge finds "extraordinary and compelling reasons" for that step, and the judge also has considered any applicable policy statement of the Sentencing Commission and reviewed the criteria of §3553(a) "to the extent that they are applicable". We held in *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020), that none of the Sentencing Commission's policy statements applies to compassionate-release requests made by prisoners themselves, as opposed to requests made by the Bureau of Prisons. That leaves the question whether an extraordinary

and compelling reason justifies release—and, if so, whether release is appropriate given the criteria in §3553(a). As we explained in *United States v. Thacker*, No. 20-2943 (7th Cir. July 15, 2021), it is best to proceed in that order, which reflects the statutory structure. Only after finding an extraordinary and compelling reason for release need the judge, as part of "exercising the discretion conferred by the compassionate release statute, … consider any applicable sentencing factors in §3553(a) as part of determining what sentencing reduction to award the prisoner." Slip op. 12.

The district judge bypassed the question whether Ugbah has established an extraordinary and compelling reason, but we do not see a need to remand for that exercise. Ugbah cannot obtain a favorable ruling on the subject. Indeed, it would be an abuse of discretion for a judge to rule in his favor. When Ugbah filed his motion, and when the district judge denied it last October, COVID-19 was a scourge in prisons, where social distancing is impossible. Today, however, vaccines provide a much better defense against infection than any judicial order could do. *United States v. Broadfield*, No. 20-2906 (7th Cir. July 21, 2021), holds that prisoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release. The Bureau of Prisons offers vaccination to all federal prisoners. See *COVID-19 Vaccine Guidance* (Mar. 11, 2021). Ugbah has never contended that he is medically unable to receive or benefit from the available vaccines.

Ugbah advances two reasons in addition to the risk of disease: first, he says that his good disciplinary record shows that he has been rehabilitated, and, second, he maintains that he will be removed to Nigeria and so would not pose a danger in the United States. Neither of these things is extraordinary

or compelling. Most nonviolent criminals maintain good disciplinary records; that Ugbah fits the norm is not extraordinary. So too with his observation that he may be removed to Nigeria. That was known from the outset and played a role in setting the original sentence. We explained in *Thacker* that §3582(c)(1) does not treat a long but lawful sentence as itself an extraordinary or compelling reason for a lower sentence. More than that: as the district judge observed when denying Ugbah's request, he has been convicted of an "on-line" fraud. The Internet reaches across the globe, and Ugbah became involved in online fraud while in Nigeria. Some of the fraudulent statements of his confederates were transmitted from the United Kingdom. Sending Ugbah overseas will not guarantee the safety of people in this nation or any other.

Because Ugbah cannot establish an extraordinary and compelling reason for release, it was unnecessary for the district judge to consider the §3553(a) factors at all. But we add for the sake of completeness that we do not see a terse explanation, such as the one the district judge provided, as defective for that reason. Section 3582(c)(1) concerns the length of imprisonment, not the length of judicial opinions. It says that a judge need consider the §3553(a) criteria only "to the extent that they are applicable". Consideration of even one §3553(a) factor may show that the others do not matter. See *United States v. Sanders*, 992 F.3d 583, 588 (7th Cir. 2021). The district judge wrote that releasing Ugbah now "would deprecate the seriousness of his offense and its impact on the victims." That view of the matter—something well within the broad discretion a judge possesses under §3582(c)(1)—makes it unnecessary to give *other* reasons for denying a motion. Federal law does not contain a mandatory-dictum policy, under which a judge must consider every possible issue. It is enough to state

one reason adequate to support the judgment. See *INS v. Bagamasbad*, 429 U.S. 24 (1976). The judge did so and was not required to say more.

A judge who says something wrong or otherwise problematic in denying a motion under §3582(c)(1) may lead a court of appeals to remand. That's the point of *United States v. Newton*, 996 F.3d 485 (7th Cir. 2021). The panel in *Newton* disclaimed any discuss-everything requirement, see *id*. at 489, 491, which would have been incompatible with the circuit's view that a motion under §3582(c)(1) does not require a judge to consider all of the factual and legal matters that influence an original sentence. See *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020). The holding of *Corner* follows from *Dillon v. United States*, 560 U.S. 817 (2010), which says that a proceeding under another subsection of §3582 should not be treated like a full resentencing. Given *Dillon* and *Corner*—plus the rule in §3582(c)(1) that the §3553(a) factors need be discussed only "to the extent that they are applicable"—all a district judge need do is provide a sufficient reason for the decision. One good reason for denying a motion such as Ugbah's is enough; more would be otiose. The district judge supplied at least one good reason and no bad ones.

AFFIRMED