**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2021[*]
Decided November 29, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-1688

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 16-CR-168 |
| GREGORY TIRADO, SR., *Defendant-Appellant*. | Lynn Adelman, *Judge*. |

**O R D E R**

Gregory Tirado, Sr., a federal inmate suffering from asthma and cardiac arrythmia, appeals the denial of his request for compassionate release based on his heightened vulnerability to COVID-19. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district court

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

concluded that Tirado had not shown that his medical conditions or the sentencing factors of 18 U.S.C. § 3553(a) supported early release. We affirm.

Tirado, while imprisoned at Federal Correctional Institution, Terre Haute, in Indiana, moved for compassionate release in October 2020, after he served about half of his 120-month sentence for a drug offense. *See* 21 U.S.C. §§ 841(b)(1)(A), 846. He asserted that his asthma and cardiac arrythmia were "extraordinary and compelling" reasons for early release, *see* 18 U.S.C. § 3582(c)(1)(A)(i), especially in light of a recent COVID-19 outbreak that killed several people at his prison. Soon after, Tirado was transferred to Federal Correctional Institution, Texarkana, in Texas.

The district court denied Tirado's motion. It concluded that Tirado's health conditions were not "extraordinary and compelling" reasons for release because his health conditions were well managed and not severe. Moreover, FCI Texarkana performed regular testing, reported zero COVID-19 cases, and had begun to vaccinate inmates. And even if Tirado could establish extraordinary and compelling reasons, the court added, the § 3553(a) factors weighed against early release.

On appeal, Tirado argues that the district court gave short shrift to the severity of his medical conditions, especially because the Delta variant has broken out at his new prison since the time of the district court's ruling. For the first time, he states that he was diagnosed with COVID-19 in November 2020 (before the district court ruled in April 2021) and that the lingering effects from this diagnosis have caused him to need to use his inhaler more frequently. Tirado also asserts that he now lives in dangerous proximity to other prisoners without access to proper personal protective equipment, and that most of the prison's vaccinated population has either suffered breakthrough infections or previously contracted COVID-19.

"We will not upset a district court's denial of a motion for compassionate release unless the court abused its 'considerable discretion' under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021). We find that the district court did not abuse its considerable discretion here. First, we note that our review is limited to information that the district court had at the time of its ruling. *United States v. Howell*, 958 F.3d 589, 595 (7th Cir. 2020). Moreover, even if we assume that Tirado could show "extraordinary and compelling" reasons for relief, the court appropriately exercised its broad discretion in finding that the § 3553(a) factors weighed against early release. *See United States v. Saunders*, 986 F.3d 1076, 1077–78 (7th Cir. 2021); 18 U.S.C. § 3582(c)(1)(A). The court reasonably considered those factors, concluding that Tirado's positive

postconviction behavior was outweighed by the seriousness of the offense (his leadership role in a large-scale drug operation), the need for deterrence and protection of the public (given his extensive prior criminal record), and the need to promote respect of the law (because half of his sentence remained).

In any event, we have held that for most prisoners the availability of vaccines for COVID-19 "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). Tirado has not asserted that he is unable to receive the vaccine.

Tirado raises two other arguments. First, he contends that the district court impermissibly relied on U.S.S.G. § 1B1.13, a policy statement that advises a court to consider whether "the defendant is not a danger to the safety of any other person or to the community." The district court, however, did not apply the policy statement and even explicitly noted that it was nonbinding. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Second, he argues that the court improperly considered his criminal history when denying his motion. But § 3582(c)(1)(A) directs judges to consider the applicable § 3553(a) factors, which include a defendant's "history and characteristics."

AFFIRMED