**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2021[*]
Decided December 23, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 21-1275

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:15-CR-62 RLM |
| TIMOTHY RYAN, *Defendant-Appellant*. | Robert L. Miller, Jr., *Judge*. |

## O R D E R

Timothy Ryan, a federal prisoner who previously tested positive for COVID-19 but has not documented any adverse health effects from the virus, seeks compassionate release to avoid another infection. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district court

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

denied the motion because Ryan did not supply evidence that release would avert serious illness. Because that decision was not an abuse of its discretion, we affirm.

In his motion and a supplement filed shortly after, Ryan argued that his health and the conditions at his prison were "extraordinary and compelling" reasons for a reduction in his sentence. § 3582(c)(1)(A)(i). Ryan asserted that he contracted COVID-19 three separate times, though he supplied evidence of only one positive test. He asserted (also without medical evidence) that the repeated infections damaged his lungs, heart, and nerves in unspecified ways. He feared (again, without providing medical support) that the undocumented damage to his heart and lungs increases his risks from future infections and that his prison cannot protect him.

The district court denied the motion. It observed that "[c]ourts across the country have been commuting sentences during this pandemic in the hopes of getting inmates at high risk of death from COVID-19 out of prisons with limited abilities to protect inmates from infection." But the court concluded that Ryan had not shown that it "can better protect Mr. Ryan from the coronavirus by removing him from the prison population." Ryan moved to reconsider, repeating that he feared additional infections would prove fatal. But the court denied that motion for the same reason.

On appeal, Ryan argues that the district court improperly disregarded the risks he faces from COVID-19 at his prison. But we conclude that, on the record before it, the district court did not abuse its "considerable discretion" when it denied Ryan release. *United States v. Saunders*, 986 F.3d 1076, 1077 (7th Cir. 2021). Ryan had the burden of establishing "extraordinary and compelling" reasons for a sentence reduction. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (citations omitted). The district court was aware that a risk of serious illness or death might justify release, but Ryan offered no such evidence. He did not document any damage to his health after his past positive COVID-19 tests, serious risks that he faces from another infection, or lack of adequate COVID-19 precautions at his prison. In deciding that the virus is not a compelling reason for release, district courts may not ignore medical evidence that a prisoner supplies of his individualized risks from COVID-19, such as health problems and poor prison conditions. *See id.* at 489–91. But because Ryan did not furnish such evidence, the court here permissibly found that Ryan's fear of another COVID-19 infection was not a reason to reduce his sentence. *See United States v. Manning*, 5 F.4th 803, 807 (7th Cir. 2021) (ruling that district court reasonably denied compassionate release when prisoner did not provide evidence of health issue increasing his risk from COVID-19).

The above analysis is a sufficient basis to affirm. The government suggests that we can also affirm based on our decisions in *United States v. Ugbah*, 4 F.4th 595 (7th Cir. 2021), and *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). But we do not reach this alternative ground. Those cases explain that prisoners who have access to the vaccine "cannot use the risk of COVID-19 to obtain compassionate release." *Ugbah*, 4 F.4th at 597. Whether Ryan has safe access to the vaccine is not clear from the record. The government states that Ryan twice refused a vaccine; Ryan responds that he wanted to get vaccinated but was told (by whom is not specified) to avoid the vaccine because he was sick, including from the aftermath of COVID-19. We need not remand for the district court to resolve this dispute because, as we stated above, Ryan did not provide evidence of his individualized health risks or of inadequate COVID-safety measures in his prison.

AFFIRMED