**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2022*
Decided April 28, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1644

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> MATTHEW W. WHITED, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. <br><br> No. 05 CR 50060 <br><br> Philip G. Reinhard, <br> *Judge.* |

**O R D E R**

Matthew Whited, a federal inmate, appeals the denial of his request for compassionate release based on certain heart ailments. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Because the district court did not abuse its discretion in denying the motion, we affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2004, Whited was caught in an undercover investigation purchasing child pornography. He pleaded guilty two years later to a series of child pornography offenses and was sentenced to 300 months in prison. The district court applied the guidelines range in effect at the time of sentencing (296–365 months) rather than the range in effect at the time of his offense (168–210 months). In 2013, the Supreme Court clarified that the Ex Post Facto clause requires courts to apply the range in effect at the time of the offense if it is lower than the range in effect at the time of sentencing. *See Peugh v. United States*, 569 U.S. 530 (2013). Whited later moved, unsuccessfully, under 18 U.S.C. § 2255 and § 3582 to be resentenced based on the lower guidelines range in effect at the time of his offense. As we explained in one of Whited's previous appeals, No. 20-1557, *Peugh* does not apply retroactively. *See Conrad v. United States*, 815 F.3d 324, 328 (7th Cir. 2016).

In 2021, Whited again moved for compassionate release under § 3582(c)(1)(A)(i) based on his health conditions (a heart defect, aortic aneurism, cardiomyopathy, hyperlipidemia, a history of pneumothorax, and Marfan syndrome—a genetic disorder of the connective tissue), the lack of social distancing in prison, his prison's mismanagement of COVID-19, the psychological toll of lockdown measures, and the Ex Post Facto claim related to his sentencing. In the motion, he stated that he also sought relief under Rule 60(b) of the Federal Rules of Civil Procedure, based on the same Ex Post Facto clause argument.

The district court denied the motion. The court concluded that Whited lacked an extraordinary and compelling reason for compassionate release because he had received two doses of the vaccine, his prison was effectively managing the virus (reporting only a single case out of 910 inmates), and a change to sentencing law was not grounds for relief under the statute. Regardless, the court added, it would deny his motion based on 18 U.S.C. § 3553(a) because the sentencing factors in his favor (such as his rehabilitation efforts) were outweighed by, among other things, the serious nature of his offenses involving child pornography and the threat he posed to public safety. The court also rejected his Rule 60(b) motion on grounds that it was inapplicable in this criminal case and, effectively, a successive collateral attack on his 2006 sentence that this court had not authorized.

On appeal, Whited first challenges the district court's conclusion that he had no extraordinary and compelling reason for compassionate release. He essentially maintains

that the court disregarded several considerations, including his rehabilitation efforts, lack of disciplinary violations, and the Ex Post Facto clause violation from his sentencing.

The court acted within its discretion in denying Whited's motion. A motion for compassionate release sets forth a two-step inquiry: (1) whether the defendant presents an extraordinary and compelling reason for release, and (2) whether release is warranted under § 3553(a). *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). At the first stage of the analysis, the court rightly did not consider Whited's rehabilitation efforts or disciplinary record, which are not extraordinary and compelling reasons for release and are therefore more suitably addressed as part of the § 3553(a) analysis. *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). Likewise, under *United States v. Thacker*, 4 F.4th 569, 574–76 (7th Cir. 2021), the court was correct not to consider Whited's Ex Post Facto argument. Compassionate release is not a substitute for the normal process of challenging sentencing errors through direct appeal or collaterally through a motion under 28 U.S.C. § 2255. *Thacker*, 4 F.4th at 574; *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021).

As for the court's § 3553(a) analysis, Whited argues that the court overlooked his argument that he posed no danger to the public because he has never had sexual contact with minors. But just one good reason for denying a compassionate release motion is enough. *See Ugbah*, 4 F.4th at 598. And the court appropriately found release unjustified because of the serious nature of Whited's child pornography offenses.

Lastly, Whited generally challenges the denial of relief under Rule 60(b). But the court correctly concluded that it lacked jurisdiction over the motion. Regardless of the label Whited attached to his motion, any post-judgment motion in a criminal proceeding that fits the description of a motion to correct a sentence must be treated as a motion brought under 18 U.S.C. § 2255. *See United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). Because Whited's motion sought to correct his sentence, it properly is construed as a successive and unauthorized § 2255 motion. *See Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018).

AFFIRMED