NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2022[*]
Decided April 28, 2022

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2457

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-CR-30072 |
| WILLIAM L. PROCTOR, *Defendant-Appellant*. | Sue E. Myerscough, *Judge*. |

**O R D E R**

William Proctor, a federal inmate who has a rare blood cancer, appeals the denial of his motion for compassionate release based on his medical conditions and heightened risk from COVID-19. See 18 U.S.C. § 3582(c)(1)(A)(i). Because the district

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

court did not abuse its discretion in finding that the sentencing factors set forth in 18 U.S.C. § 3553(a) weighed against his early release, we affirm.

About eight months into his 20-month sentence for violating conditions of supervised release, Proctor moved for a sentence reduction under § 3582(c)(1)(A)(i). He argued that his health conditions—a rare blood cancer known as polycythemia vera, asthma, attention deficit hyperactivity disorder, and anxiety—combined with the spread of COVID-19 throughout his prison were an extraordinary and compelling reason for release. With regard to the polycythemia vera, which causes the body to overproduce red blood cells, Proctor alleged that he was not receiving the necessary regular blood withdrawals. He also argued that early release was supported by one of the § 3553(a) sentencing factors—§ 3553(a)(2)(D) (need for medical care)—because he needed inpatient substance-abuse treatment that he was ineligible to receive in prison.

The district court denied Proctor's motion, concluding that his medical issues were not an extraordinary and compelling reason for release. Although the court acknowledged that polycythemia vera placed Proctor at an increased risk of severe illness from COVID-19, it concluded that the prison had been adequately treating the condition. The court, for instance, accepted the government's evidence that Proctor's most recent blood tests showed normal red-blood-cell counts, confirming that blood withdrawal was not necessary at the time. The court also pointed out that Proctor's vaccinated status reduced his likelihood of contracting COVID-19 or having a severe reaction if he did contract it. Additionally, the court explained—with reference to the § 3553 factors—that his disciplinary sanction for assaulting another inmate showed that he continued to be dangerous and needed to be deterred from further criminal conduct.

On appeal, Proctor generally challenges the district court's determination that his polycythemia vera is being adequately treated. But the district court conducted an individualized assessment of his condition, after ordering that supplemental briefs be filed with regard to the severity of the condition and his need for blood withdrawals at the frequency he described. See *United States v. Newton*, 996 F.3d 485, 491 (7th Cir. 2021). More significantly, Proctor's challenge only partially captures the scope of the court's ruling because the court also explained that the § 3553 factors weighed against release. "Because of the importance of the § 3553 factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns." *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). And here the court acted within its broad discretion in concluding that Proctor continued to present a danger to others, as reflected by the two disciplinary sanctions he received during eight months with the

Bureau of Prisons while serving his second revocation sentence for violating his terms of supervised release.

Although Proctor maintains that the court overlooked his need for inpatient substance-abuse treatment, see § 3553(a)(2)(D), the court needed to cite only "one good reason" to deny compassionate release, *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2022), and here it furnished two—that Proctor's disciplinary infractions showed a continued need to deter his criminal conduct and protect the public.

AFFIRMED