**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 5, 2022[*]
Decided May 6, 2022

*Before*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2440

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 18-cr-10021 |
| CHRISTOPHER L. CLEMONS, *Defendant-Appellant.* | James E. Shadid, *Judge.* |

**O R D E R**

Christopher Clemons, a federal inmate with diabetes and obesity, appeals the denial of his compassionate-release motion, which he based on a heightened risk of developing severe illness from COVID-19. The district court concluded that because Clemons declined to be vaccinated and did not show an inability to receive or benefit

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

from the vaccine, his increased vulnerability to COVID-19 did not warrant early release. *See United States v. Broadfield*, 5 F.4th 801, 802–03 (7th Cir. 2021). We affirm.

In 2018, officers of the Peoria, Illinois, police department, who were pursuing Clemons for other reasons, saw Clemons selling heroin and other drugs out of his car. He fled, and when he was caught, rammed his car into the officers' vehicles and fought their attempts to handcuff him. At the time, Clemons was on federal supervised release for a drug-trafficking conviction. He pleaded guilty to possessing heroin with intent to distribute, 21 U.S.C. § 841(a)(1), and to violating the terms of his supervised release. The district court sentenced Clemons to 120 months' imprisonment.

In early 2021, Clemons—initially pro se, then through a federal defender— moved under 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release from the United States Penitentiary at Leavenworth. (He has since been transferred to another medium-security prison.) He argued that because of his diabetes and obesity, COVID-19 poses "an unreasonable risk of serious damage to his Future Health." The government opposed the motion, which the district court then denied. The court explained that although Clemons's medical conditions increased his risk of severe illness from COVID-19, he refused to be vaccinated. And under *Broadfield*, unless Clemons could not receive or benefit from a vaccine, his concerns regarding COVID-19 did not warrant early release. 5 F.4th at 802–03. The court also determined that compassionate release would be inconsistent with the factors in 18 U.S.C. § 3553(a) given Clemons's extensive history of violent crime (including a murder conviction) and repeated violations of state parole and federal supervised-release conditions. We review denials of compassionate release for abuse of discretion. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

Clemons asks us to reconsider our decision in *Broadfield*, asserting that the CDC's understanding of vaccines has changed, and new variants are more likely to infect people who have been vaccinated or, like him, previously infected. Citing a high infection rate for vaccinated prisoners (albeit lower than for those unvaccinated), he argues that vaccine efficacy wanes. Clemons also worries that any "manmade" immunity from a vaccine may interact poorly with whatever natural immunity he developed from his prior, asymptomatic COVID-19 infection. These added dangers, he argues, coupled with the alleged inability of his prison to adequately treat him should he become seriously ill, present an "extraordinary and compelling" reason to grant compassionate release.

Despite the threat of new coronavirus variants, we reiterate that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability "to receive or

benefit from a vaccine." *Broadfield*, 5 F.4th at 803; *see also United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir.), *reh'g en banc denied*, No. 20-3073, 2021 LEXIS 25474 at *1 (7th Cir. Aug. 24, 2021). Clemons has refused vaccination with no such showing. Indeed, his arguments about "manmade" immunity versus immunity by vaccine, and the decreasing efficacy of vaccines over time, both rest on the premise that COVID-19 vaccines protect against severe illness. And booster vaccinations are now available should that protection wane. Bureau of Prisons, *COVID-19 Vaccine Guidance* at 4–5 (Feb. 25, 2022), https://www.bop.gov/resources/pdfs/covid_19_vaccine_guidance_v17.pdf. For prisoners like Clemons, "vaccines offer relief far more effective than a judicial order." *Broadfield*, 5 F.4th at 803.

Because Clemons did not demonstrate that his increased risk of severe illness from COVID-19 justified releasing him, we need not consider the district court's analysis that the § 3553(a) factors weigh against relief. *See Ugbah*, 4 F.4th at 598.

And in any event, the district court determined that the § 3553(a) factors—Clemons's long history of severe criminal conduct and repeated violations of parole—do not support compassionate release. Clemons argues that the court failed to give enough weight to his record of rehabilitation. But the court acknowledged Clemons's "significant" rehabilitation and was well within its discretion to weigh other factors more heavily. *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022).

AFFIRMED