**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 5, 2022[*]
Decided May 6, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2775

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:18-cr-10027 |
| MIKEREN TURNER, *Defendant-Appellant*. | Joe Billy McDade, *Judge*. |

**O R D E R**

Mikeren Turner, a federal prisoner, appeals the denial of his motion for compassionate release, which he based on risks to his health from diabetes, hypertension, and chronic kidney disease during the COVID-19 pandemic. Because the district court reasonably found that his vaccinated status mitigated those risks, it permissibly denied the motion, and we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Turner moved for compassionate release in 2021, *see* 18 U.S.C. § 3582(c)(1)(A)(i), two years after he pleaded guilty and received a five-year prison term for crack-cocaine crimes. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B). He argued that his diabetes, hypertension, kidney, and heart disease (for which he is receiving treatment) raise his risk of death from COVID-19. The motion referred to a "debilitating bout with COVID-19" but did not mention his vaccination status. Later that month, a federal defender appointed for Turner amended the motion. Counsel cited guidance by the Centers for Disease Control that chronic kidney disease, diabetes, and heart disease may increase the risk of severe illness from COVID-19, but counsel did not discuss Turner's vaccination status.

The government opposed the motion. It argued that the factors under 18 U.S.C. § 3553(a) disfavored Turner's release. It also stated that Turner had recovered from COVID-19 in December 2020 and that his medical records showed that he was fully vaccinated in March 2021.

The district court denied the motion. Relying on our decisions in *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) and *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021), the court explained that Turner had been fully vaccinated before moving for release and had not stated "an inability to benefit from the vaccine."

On appeal, Turner argues that the court abused its discretion by failing to weigh the § 3553(a) factors before reaching its decision. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). But the court did not err. A motion for compassionate release involves a two-step inquiry: (1) whether the defendant presents an extraordinary and compelling reason for release, and (2) whether release is warranted under § 3553(a). *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). After determining that a prisoner has not presented an extraordinary and compelling reason for release, a district court need not consider the § 3553(a) factors. *See Ugbah*, 4 F.4th at 597.

Furthermore, at the first step, the district court acted within its discretion in ruling that Turner presented no extraordinary and compelling reason for release. Turner's motion cataloged general risks associated with comorbidities, but it did not provide evidence of Turner's vulnerability to severe infection after his vaccination. *See Broadfield*, 5 F.4th at 803. Indeed, the motion avoided any reference to his vaccination. And Turner's medical records showed that, at the time, his conditions were managed with medication and without complications from the vaccine. The court thus

had ample grounds to rule that Turner failed to show he was "medically unable" to benefit from the vaccine. *Ugbah*, 4 F.4th at 597.

Turner also argues that the district court erred by ruling on his motion without allowing him an opportunity to reply to the government's opposition. Deciding a case based on arguments the losing side never had an opportunity to address can be a risky procedure. *E.g.*, *Dr. Robert L. Meinders, D.C., Ltd., v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015) (reversing summary judgment based on issue first raised in reply brief to which opposing party had no opportunity to respond, and noting that local court rules sometimes "must give way to considerations of due process and fundamental fairness"); *Smith v. Bray*, 681 F.3d 888, 902–03 (7th Cir. 2012) ("If a district court does not provide an opportunity to be heard, our doors will be open to consider those arguments."), *overruled on other grounds*, *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016). In this case, however, Turner has not identified any information or arguments he might have presented in a reply that "would have changed" the outcome. *United States v. Sanders*, 992 F.3d 583, 586 (7th Cir. 2021). He has not shown that he was prejudiced by the absence of chance to reply.

AFFIRMED