**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2022[*]
Decided June 2, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-3321

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 14-cr-30198-DWD |
| JONATHAN HERBERT, *Defendant-Appellant*. | David W. Dugan, *Judge*. |

**O R D E R**

Jonathan Herbert, a federal inmate with hepatitis C and chronic bronchitis, appeals the denial of his motion for compassionate release, which he based primarily on his increased vulnerability to COVID-19. The district court ruled that because Herbert declined to be vaccinated and did not show an inability to benefit from the vaccine, his heightened risk from COVID-19 did not warrant an early release. We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

For about three years, Herbert ran a scam through which he targeted distressed homeowners by telling them they qualified for a lower mortgage rate through a made-up federal program. He directed them to wire modified payments to him and to ignore any notices of delinquency from their actual lenders. In total, Herbert stole almost $500,000 from 247 victims. He ultimately pleaded guilty to one count of wire fraud, *see* 18 U.S.C. § 1343, and was sentenced to 140 months in prison—the low end of the applicable range under the Sentencing Guidelines—and 5 years' supervised release.

In 2021, after serving 72 months of his prison sentence, Herbert moved pro se for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). A federal defender later supplemented the motion. Herbert argued that because of his history of smoking, hepatitis C, and chronic bronchitis, COVID-19 posed an enhanced risk of serious illness or death. He also argued that the sentencing factors under 18 U.S.C. § 3553(a) supported his release, highlighting his post-sentencing rehabilitation and noting that, under today's Sentencing Guidelines, his range would have been lower.

The government opposed the motion, and the district court denied it. The court explained that although Herbert's medical conditions could increase his risk of serious illness from COVID-19, that risk was "self-incurred" because Herbert refused to be vaccinated and he did not assert any religious or medical exemption. The court also determined that the sentencing factors under § 3553(a) did not support Herbert's release, especially given the seriousness of his crime.

The district court did not abuse its discretion by denying Herbert's motion. An inmate's risk from COVID-19 cannot justify compassionate release unless he is unable "to receive or benefit from a vaccine." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021); *see also United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). As the district court explained, Herbert had refused vaccination and had "not offered any justification, let alone a reasonable one, for his refusal." The court was right to deny Herbert's motion on that ground.[1] *Ugbah*, 4 F.4th at 597.

---

[1] After he filed his motion, but before the district court ruled, Herbert received a vaccine. But Herbert did not provide this information to the district court, and our review for abuse of discretion is limited to the record before the district court at the time it rules. *See United States v. Howell*, 958 F.3d 589, 595 (7th Cir. 2020). In any case, this factual development only provides a new ground for denying relief. *See Broadfield*,

No. 21-3321    Page 3

The district court's alternative reasoning is also sound. The court stated, albeit briefly, that all the § 3553(a) factors, but especially the "nature" and "seriousness" of Herbert's crime, required his continued incarceration. Given the large number of financially vulnerable victims Herbert targeted, we cannot question that assessment. *See id.* at 598 (terse explanation of § 3553(a) factors can suffice as reason for denying compassionate release); *see also United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (upholding denial of compassionate release based in part on seriousness of crime).

Finally, Herbert contends that the district court should have granted his motion based on post-sentencing changes to the Sentencing Guidelines that could result in a lower applicable range. But he did not develop this argument in the district court, and, in any event, non-retroactive changes to the Guidelines are not grounds for compassionate release. *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021).

AFFIRMED

---

5 F.4th at 802–03 (remand is "pointless" where prisoner seeking early release based on COVID-19 is vaccinated); *Ugbah*, 4 F.4th at 597.