In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 21-2514

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID NEWTON,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:08-cr-00875-1 — **Elaine E. Bucklo**, *Judge.*

———————————

ARGUED APRIL 20, 2022 — DECIDED JUNE 15, 2022

———————————

Before WOOD, HAMILTON, and KIRSCH, *Circuit Judges.*

KIRSCH, *Circuit Judge*. In *United States v. Broadfield*, 5 F.4th
801 (7th Cir. 2021) and *United States v. Ugbah*, 4 F.4th 595 (7th
Cir. 2021), we left the door open for prisoners seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on
the COVID-19 pandemic to show they cannot receive or benefit from vaccines. David Newton believes himself bereft of
this opportunity after we remanded his case last year before
*Broadfield* and *Ugbah* were decided. Notwithstanding the

irregular procedure Newton faced below, not once has he explained to us how he would satisfy the *Broadfield-Ugbah* safety valve, so we affirm the district court's finding that Newton did not present an extraordinary and compelling reason for early release.

Seeking a reduced sentence for his bank robbery conviction, Newton filed a pro se motion in May 2020 for compassionate release under § 3582(c)(1). For Newton, a federal prisoner under 70, this relief requires a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i). He submitted that his medical condition—asthma and its immunosuppressing corticosteroid treatment—put him at risk for serious illness if he contracted COVID-19. The district court appointed Newton counsel, who added hypertension to the list of conditions putting Newton at risk. Finding it not clear that Newton would face a significantly reduced risk from COVID-19 outside prison than he would inside, the district court denied the motion. We remanded for reasons not pertinent to this second appeal. *United States v. Newton*, 996 F.3d 485 (7th Cir. 2021).

Two days after we issued *Newton I*, we decided both *Broadfield* and *Ugbah*, announcing that, "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Broadfield*, 5 F.4th at 803. But we did not render vaccination the end all be all of compassionate release motions. *Broadfield* and *Ugbah* explicitly "included a safety valve for prisoners to show that they are unable to receive or benefit from a vaccine, or that they remain vulnerable to severe infection, notwithstanding the vaccine." *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir.

2022). That safety valve permits federal prisoners to make motions with newly proffered individualized facts based on concerns like Omicron breakthrough cases, long COVID, or the relative inefficacy of vaccines for certain vulnerable prison populations, like the immunocompromised. See *id.*; *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022) ("If circumstances change, Barbee is free to file a new motion.").

Some three weeks later, the district court again denied Newton's motion. Moving past our directives in *Newton I*, it summarily concluded Newton had failed to show why he satisfied the *Broadfield-Ugbah* exception. At no point did the court ask for additional briefing from the parties, even though *Broadfield*, *Ugbah*, and COVID-19 vaccines did not exist when Newton was making arguments in the original 2020 compassionate release proceedings.

Newton appealed again, now challenging that process as depriving him of the opportunity to argue that he satisfied the *Broadfield-Ugbah* exception—that he could not benefit from the vaccine. So we consider whether this compassionate release process was an abuse of the district court's "considerable discretion" under § 3582(c)(1)(A). *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021). Newton's protests of the process have some purchase. The district court faulted Newton for not showing that he satisfied the requirements of the *Broadfield-Ugbah* exception. But those cases did not exist in 2020 when Newton filed his motion for compassionate release, and the district court invited no briefing from the parties on remand in 2021. Instead, the court merely waited three weeks and issued an order denying the motion filed in 2020.

There is no hard and fast rule that a district court must invite new proceedings on intervening case law. A remand on

a compassionate release motion is not a full resentencing, see *Ugbah*, 4 F.4th at 598, and it's within the district court's discretion not to seek—or even allow—supplemental briefing. Post-*Broadfield* we have not remanded cases in the same posture as Newton's for new proceedings in the district court after changes in the law and circumstances. See, e.g., *Barbee*, 25 F.4th at 533 (affirming district court's pre-*Broadfield-Ugbah* denial of compassionate release without remanding for reconsideration of the effect of those cases). But when intervening law changes as much as it did here, it's a risky procedure for a district court to rule on a motion without the input of the parties. It would be especially risky if the facts had changed as well. In this instance, they didn't. Newton has not pointed us to any change in the facts that would have changed the outcome.

Once the district court denied Newton's motion, giving him no opportunity to explain why he could not benefit from the vaccine, Newton was free to explain that to us and possibly win a remand. Cf. *Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962, 963–64 (7th Cir. 1992) (permitting 12(b)(6) plaintiffs to make additional factual allegations—consistent with their complaint—for the first time on appeal to win remand); *Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014) (same). But he did not. He points to the original record that he used immunosuppressing asthma treatment and to a CDC report that immunocompromised people get less benefit from vaccines. But the district court already knew Newton was immunosuppressed, and the CDC report has nothing to do with Newton individually. Newton has simply given us no such new facts (or argument) showing why he is in the small minority of federal prisoners within the *Broadfield-Ugbah* exception, so remand is not appropriate, *Broadfield*, 5 F.4th at 802.

And—considering Newton's counsel did not withdraw on remand—we are less sympathetic to his plight below. Although the district court did not seek additional briefing, Newton was free to file a motion any time during the three weeks to argue under new facts and new law. Not that we are faulting Newton's appointed counsel—it appears there was no such new information about Newton to provide.

One final note. The district court chose not to buttress its cursory order by weighing the 18 U.S.C. § 3553(a) sentencing factors applicable to Newton. True, that's an unnecessary step two if the prisoner has not satisfied step one of identifying an extraordinary and compelling reason for a sentence reduction. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). But doing so—especially when partaking in a risky procedure on step one—can "strengthen[] our conclusion that [the district court] did not abuse its discretion." *United States v. Kurzynowski*, 17 F.4th 756, 760 (7th Cir. 2021).

AFFIRMED