**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2022[*]
Decided November 18, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

No. 22-2219

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| | No. 19-CR-30031-NJR-01 |
| *v.* | |
| | Nancy J. Rosenstengel, |
| JAMES K. YOUNG, | *Chief Judge.* |
| *Defendant-Appellant.* | |

**O R D E R**

James Young, a federal prisoner, appeals the denial of his motion for compassionate release based on several health conditions that, he asserts, increase his risk of severe complications from COVID-19. See U.S.C. § 3582(c)(1)(A)(i). Because he did not present any extraordinary and compelling reasons for release, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Young was convicted of two counts of receiving child pornography, see 18 U.S.C. § 2252A(a)(2)(A), after he was caught with thousands of images and over thirty videos of child pornography, some involving torture or victims under three years of age. About 10 months into his 60-month sentence, Young, then 68 years old, sought compassionate release. He argued that his medical conditions—latent tuberculosis, chronic obstructive pulmonary disease, and hyperthyroidism—increased his risk of severe complications if he were reinfected with COVID-19.

The district court denied Young's motion. The court concluded that Young had not shown that the risk of COVID-19 was an extraordinary and compelling reason for his immediate release. Although the vaccine was available at Young's prison, he did not have it administered. Nor did he provide any evidence to demonstrate that he refused the vaccine because he was unable to receive—or benefit from—it. The court added that his medical conditions, on their own, did not rise to the level of extraordinary and compelling circumstances, particularly because he had refused medical treatment for his latent tuberculosis. Alternatively, the court determined that the § 3553(a) factors weighed against release. It explained that releasing Young after he had served only a small fraction of his sentence for possessing massive amounts of graphic child pornography would not account for the seriousness of the offense, afford adequate deterrence to criminal conduct, or provide just punishment.

On appeal, Young first argues that the district court erred by assuming that the COVID-19 vaccine would mitigate his risk of severe complications from the virus. But the court made no such assumption. The court, after acknowledging our statement in *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021), that the availability of a vaccine makes it impossible "for the vast majority of prisoners" to show that the risk of COVID-19 is an extraordinary and compelling reason for release, recognized that there was a "safety valve for prisoners who show they are unable to receive or benefit from a vaccine, or that they remain vulnerable to severe infection, notwithstanding the vaccine." See District Court's order of June 29, 2022, at 2 (quoting *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022)); see also *United States v. Newton*, 37 F.4th 1207, 1209 (7th Cir. 2022) ("That safety valve permits federal prisoners to make motions with newly proffered individualized facts based on concerns like Omicron breakthrough cases, long COVID, or the relative inefficacy of vaccines for certain vulnerable prison populations, like the immunocompromised.") The court rightly determined that Young made no such showing.

Young also contends that the district court misapplied the § 3553(a) sentencing factors by failing to account for the Bureau of Prisons' determination that he had a low risk of recidivism. But only one adequate reason is needed to support the judgment, see *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021), and here the court appropriately exercised its discretion to highlight other § 3553(a) factors such as the seriousness of Young's crimes (receiving child pornography involving "pain, torture, humiliation, bondage, or a victim under three years of age"), the need to deter him from future crimes (considering that he had served less than half of his sentence), and the interest in protecting the community. See 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C).

AFFIRMED