In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-2001

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAMON RUCKER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 13CR-50005-1 — **John Robert Blakey**, *Judge.*

ARGUED JANUARY 25, 2022 — DECIDED MARCH 2, 2022

Before RIPPLE, WOOD, and JACKSON-AKIWUMI, *Circuit Judges.*

PER CURIAM. Damon Rucker, a federal inmate who is obese and has hypertension, appeals the denial of his motion for compassionate release based on his heightened risk of COVID-19. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district court concluded that Rucker had not shown that his medical circumstances were extraordinary and compelling, and the sentencing factors of 18 U.S.C. § 3553(a) weighed against early

release. Because the district court did not abuse its discretion in applying the factors under § 3553(a), we affirm.

Rucker is serving a 240-month sentence for witness retaliation. *See* 18 U.S.C. § 1513(b)(1). While awaiting a jail transfer in 2012, Rucker attacked a fellow prisoner who had testified against him at sentencing. Rucker slammed the man's head against a concrete wall, causing the man to collapse to the floor and convulse. *United States v. Rucker*, 766 F.3d 638, 642 (7th Cir. 2014) (affirming sentence).

In October 2020, Rucker moved for a sentence reduction under § 3582(c)(1)(A)(i). He argued that he had an extraordinary and compelling reason for release—his medical conditions (obesity, hypertension, pre-diabetes, poor eyesight, possible sickle cell trait, and his then-current COVID-19 infection) combined with the spread of COVID-19 throughout the prison. He also argued that early release was supported by the § 3553(a) sentencing factors, specifically his history and characteristics (including a traumatic childhood during which his mother died and his father abused drugs, and his successful completion of anger management and drug abuse courses while in prison). And he argued that potential errors in his original sentence supported his request for early release.

The government responded that early release would not be consistent with the factors under § 3553(a) because of the serious and violent nature of the offense, Rucker's criminal history (which included prior convictions for damage to property, battery, home invasion, and drug trafficking), and the need to protect the public because of his risk of recidivism. The government noted that Rucker's medical records reflect that the prison had been treating his hypertension

appropriately, as well as his COVID-19 infection, during which he had remained asymptomatic. (Rucker, however, asserted in an affidavit that he did experience symptoms during his COVID-19 infection.)

In May 2021, the district court denied the motion for compassionate release. Because the court's explanation was terse, we reproduce it here in its entirety:

> Although there has been no "applicable" statement since the First Step Act expanded the compassionate-release statute, the formerly controlling statement, U.S.S.G. § 1B1.13, may continue to inform the district court's discretion. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Here, Defendant has exhausted administrative remedies, but this Court finds that the record fails to warrant a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), after full consideration of the factors provided in 18 U.S.C. § 3553 and the applicable policy statements issued by the Sentencing Commission. Among other factors, the record confirms that, even though the coronavirus outbreak is serious, the facts do not support defendant's claim that his medical conditions, combined with the COVID-19 conditions and in-custody procedures and medical care, warrant a reduction in his sentence due to extraordinary and compelling reasons. Even though Defendant tested positive for the virus, he remained asymptomatic and recovered. Based upon the entire record, the defendant fails to meet the criteria of U.S.S.G.

> § 1B1.13. The record also confirms that he con-
> stitutes a risk of recidivism and a danger to the
> safety of other persons and the community (ev-
> idenced, among other things, by his prior crim-
> inal conduct consisting of numerous convic-
> tions including a violent attack on a cooperating
> witness), and that a sentence reduction other-
> wise remains inconsistent with the need under
> 18 U.S.C. § 3553 for the sentence to reflect the se-
> riousness of, and to provide just punishment
> for, defendant's underlying offense.

We review the denial of a motion for compassionate re-
lease for abuse of discretion. *United States v. Gunn*, 980 F.3d
1178, 1180 (7th Cir. 2020). A court may grant a motion for com-
passionate release if, after considering the factors under
§ 3553(a), it determines that extraordinary and compelling
reasons warrant release. § 3582(c)(1)(A)(i).

Rucker first argues that the district court erred by relying
on the outdated policy statement set forth in U.S.S.G. § 1B1.13.
That policy statement, which implements the compassionate-
release statute, has not been updated since the statute was
amended to allow prisoners to file motions for compassionate
release. First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194.
Because it has not been updated, U.S.S.G. § 1B1.13 is not bind-
ing on a district court when a prisoner moves for compassion-
ate release. *See Gunn*, 980 F.3d at 1180. But Rucker's argument
fails because the district court recognized the non-binding na-
ture of U.S.S.G. § 1B1.13 and permissibly used it as a guide.
*See United States v. Kurzynowski*, 17 F.4th 756, 760 (7th Cir.
2021).

Rucker next argues that the district court erred by failing to consider the medical conditions at the prison (which led to over half the prisoners being infected with COVID-19) as well as his specific health conditions (including obesity, hypertension, and his COVID-19 infection). He also argues that the district court erred when it considered his COVID-19 infection to be asymptomatic, despite his affidavit that he experienced symptoms. Rucker relatedly contends that the district court should have conducted an evidentiary hearing, but no hearing was required by statute. *See* § 3582(c)(1)(A)(i).

The district court's assessment of Rucker's COVID-19 risk was cursory. The court made only generalized references to his "medical conditions, combined with the COVID-19 conditions and in-custody procedures and medical care," and found that these did not present extraordinary and compelling reasons for release. The court also suggested, without supporting medical evidence, that Rucker's prior infection—asymptomatic or otherwise—affected his future risk of infection and future health. In *United States v. Newton*, 996 F.3d 485, 489 (7th Cir. 2021), another compassionate-release case, we emphasized that a district court's analysis, at a minimum, must reasonably assure us that it at least considered the prisoner's principal arguments. We also cautioned district courts to avoid drawing "medical conclusions about the ramifications of a future infection without any supporting medical evidence in the record." *Id.* at 490.

But any error here is harmless because the court acted within its broad discretion in finding that the § 3553(a) factors did not favor release. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Rucker disputes the manner in which the court weighed the § 3553(a) factors. But the court

highlighted the need to protect the public from further crimes (noting Rucker's numerous prior convictions and risk of recidivism) and the need to reflect the seriousness of the offense and provide just punishment for the offense ("a violent attack on a cooperating witness"), and just one good reason for denying a compassionate-release motion suffices. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

Rucker also invoked potential errors that, he believes, tainted his original sentence. But Rucker did not raise an argument about potential sentencing errors in his direct appeal and "a claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release." *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021).

We close with an observation about COVID-19 vaccines in the context of requests for compassionate release. The government points to our language in *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021), in which we said that the availability of vaccines had effectively eliminated the risks of COVID-19 to most federal prisoners. But that opinion was handed down before Omicron became the dominant variant in this country (with an increase in breakthrough infections among the fully vaccinated). And it included a safety valve for prisoners to show that they are unable to receive or benefit from a vaccine, or that they remain vulnerable to severe infection, notwithstanding the vaccine. *Id.* Recent events underscore the need for a district court's opinion to leave us assured that it considered the applicant's individualized arguments and evidence. *See Newton*, 996 F.3d at 491.

AFFIRMED