NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2022*
Decided April 11, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2538

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court |
| *Plaintiff-Appellee*, | for the Central District of Illinois. |
| | |
| *v.* | No. 1:20-cr-10008 |
| | |
| RICHARD A. HUGHES, | Joe Billy McDade, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Richard Hughes, a federal prisoner, appeals the denial of his motion for compassionate release, which he based on his increased risk of death or severe illness from COVID-19 because of his chronic obstructive pulmonary disease (COPD). *See* 18 U.S.C. § 3582(c)(1)(A)(i). Hughes argues that the district court abused its discretion by finding

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

that he lacked an extraordinary and compelling reason for release because he was vaccinated, and by not weighing the 18 U.S.C. § 3553(a) factors. We affirm.

Hughes pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g), and was sentenced to 36 months' imprisonment. He contracted asymptomatic COVID-19 in prison and was later vaccinated. He then asked the warden to seek his release under § 3582(c)(1)(A)(i) based on his health. He waited 25 days without a response, then filed his own motion for compassionate release in the district court. Weeks later, the warden denied the request, but the record does not say whether Hughes administratively appealed. In an amended compassionate release motion filed by the federal defender appointed for him, Hughes argued in detail about conditions within his prison and the dangers of COPD as a comorbidity, but he did not mention anything about his prior COVID-19 infection or his vaccination.

The government argued that Hughes had not exhausted his administrative remedies because he moved for relief less than 30 days after the warden received his administrative request. *See* § 3582(c)(1)(A). And citing our then-new precedent in *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021) and *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021), the government also contended that Hughes could not show an extraordinary and compelling reason for release because he was fully vaccinated against COVID-19 (according to records submitted to the court by the U.S. Probation Service). Finally, the government argued that the § 3553(a) sentencing factors weighed against releasing Hughes.

The district court ruled that Hughes "adequately exhausted his administrative remedies" because his amended motion came more than 30 days after the warden received his request. It then denied the motion based on *Broadfield* and *Ugbah* because Hughes was vaccinated against COVID-19, and he offered "no other reason" for release.

Hughes appeals, arguing that the court failed to consider his COPD when it concluded that he lacked extraordinary and compelling reasons for release under § 3582(c)(1)(A)(i). We review the denial of his motion for abuse of discretion. *United States v. Rucker*, 27 F.4th 560, 562 (7th Cir. 2022).

As a preliminary matter, we note that the district court was not free to grant Hughes's motion if he did not exhaust, but it could deny the motion for any reason. *United States v. Williams*, 987 F.3d 700, 702 (7th Cir. 2021). On appeal, the government does not press its exhaustion defense, which is non-jurisdictional and therefore

waivable. *United States v. Joiner*, 988 F.3d 993, 995 (7th Cir. 2021). We also see no evidence relevant to whether Hughes fully exhausted his administrative rights "to appeal" the warden's adverse decision, § 3582(c). Thus, we neither endorse nor reject the court's decision on exhaustion, and we turn to the merits.

Hughes rightly points out that the district court, despite summarizing his motion accurately, did not mention COPD in its analysis; the court relied on his vaccination status alone. The court was right to apply the precedent that "directly control[led]" at the time of its ruling, *Agostini v. Felton*, 521 U.S. 203, 237 (1997), but neither *Broadfield* nor *Ugbah* relieves a court of its duty to "consider[] the prisoner's principal arguments." *Rucker*, 27 F.4th at 563; *see Broadfield*, 5 F.4th at 803; *Ugbah*, 4 F.4th at 597. This would mean considering "individualized arguments and evidence" about health conditions that even a vaccinated prisoner argues warrant his release, independently or in combination with the COVID-19 risks. *Rucker*, 27 F.4th at 563.

Still, we cannot say there was reversible error in not addressing COPD, because the burden of demonstrating entitlement to relief was on Hughes. *See United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Here, Hughes said nothing about his COPD causing a substantial risk despite his COVID-19 vaccination—indeed, his amended motion does not refer to his previous COVID-19 infection or his vaccination status. *Rucker*, 27 F.4th at 563. And we have cautioned courts to "avoid drawing medical conclusions" without supporting medical evidence in the record, so it would not have been proper for the court to speculate. *Id*.

Hughes also contends that the district court also erred by failing to consider whether the § 3553(a) factors favored his release. Having found Hughes ineligible for release under § 3582(c), however, the court was not required to take the belt-and-suspenders approach of weighing the sentencing factors, too. *Ugbah*, 4 F.4th at 598.

AFFIRMED