NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2022*
Decided April 12, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2313

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:16-cr-00205-JPH-MJD |
| ALEXANDER PIANO, JR., *Defendant-Appellant*. | James Patrick Hanlon, *Judge*. |

## O R D E R

Alexander Piano, Jr., a federal inmate serving a 15-year sentence for drug and firearm offenses, sought compassionate release, arguing that his medical conditions elevated his medical risk from COVID-19. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district court denied his motion. It ruled first that Piano, who already had an asymptomatic

---

* We have agreed to decide the case without oral argument because the briefs and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

COVID-19 infection, had not shown that his medical risk was extraordinary and compelling. Second, the court continued, sentencing factors under 18 U.S.C. § 3553(a) weighed against his early release. Because the court did not abuse its discretion in either ruling, we affirm.

Piano moved for compassionate release in September 2020, after serving 40% of his sentence. At 50 years old, he believed that the combined risk from his medical conditions (hypertension, hyperlipidemia, pre-diabetes, and obesity) and the COVID-19 pandemic created an extraordinary and compelling reason for his release. Piano also argued that his recent activities in prison—earning his GED, avoiding infractions, completing drug education classes, and working as a painter—demonstrated his rehabilitation and low risk of recidivism.

The district court denied Piano's motion. It observed that Piano had earlier contracted COVID-19, he had (despite his obesity) remained asymptomatic throughout his infection, and more than 60% of inmates at his prison were now fully vaccinated. Thus, the court thought, a concern about complications from a potential reinfection was too speculative to justify Piano's release. The court also ruled that, in balancing the § 3553(a) sentencing factors, Piano did not deserve release. It recognized Piano's recent efforts at self-improvement. But those efforts, it explained, were outweighed by Piano's "many" felony convictions (thefts, batteries, and illegal gun possessions), his commission of his current offense (moving illegal drugs interstate) while on parole, and the outstanding time (more than half) remaining on his sentence.

On appeal, Piano contests the district court's first reason for denying release. Piano argues that the court mistakenly focused solely on his obesity as a risk factor and rendered an "unsupported medical judgment" about his risk from reinfection. *See United States v. Newton*, 996 F.3d 485, 490 (7th Cir. 2021). He contends that his comorbidities, variants of COVID-19, waning vaccine effectiveness, and possible breakthrough infections supply an extraordinary and compelling reason for his release.

We review the district court's ruling for abuse of discretion. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). We will assume that the district court did not have adequate medical evidence to conclude that Piano's asymptomatic past COVID infection forecasted a low risk of future complications. *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022) (per curiam); *Newton*, 996 F.3d at 490. Even so, Piano bore the burden of establishing extraordinary and compelling reasons for release. *See Newton*, 996 F.3d at 488. The availability of the COVID-19 vaccine to federal prisoners

generally eliminates the virus as justification for release unless Piano can show that he cannot receive or benefit from the vaccine. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). We recognize that over time COVID variants may arise and the vaccine's efficacy for some people may wane. But Piano does not discuss whether he is now vaccinated and boosted, or the vaccine's effectiveness for a person like him. Thus, he has not met his burden of supplying individualized evidence of why, despite the vaccine, his medical risks are extraordinary. *See Newton*, 996 F.3d at 491.

In any event, the district court did not abuse its discretion in applying the § 3553(a) factors in balancing his past behavior against his within-prison conduct to deny release. "One good reason" is sufficient to justify denying a motion such as Piano's. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021). Here the district court discussed several: the seriousness of Piano's drug offense, his commission of that crime while on parole for another, his extensive criminal record, and the outstanding prison term of more than half of his 15-year sentence. *See* 18 U.S.C. § 3553(a)(1)–(2).

AFFIRMED