NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 5, 2022[*]
Decided May 6, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1938

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br> *v.* <br><br> GERALD MEACHUM, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 1:97-cr-00169-1 <br><br> Charles R. Norgle, <br> *Judge.* |

**O R D E R**

Gerald Meachum, a federal inmate, moved for compassionate release, citing his preexisting health conditions and the COVID-19 pandemic. The district court denied his motion. Because the court's analysis of the sentencing factors under 18 U.S.C. § 3553(a) was sufficient to deny relief, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In the late 1990s, Meachum used his position as a police officer to rob drug dealers at gunpoint. A jury convicted him of two counts of using or carrying a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c), among other things. The district court sentenced him to just over 40 years' imprisonment, which included a consecutive mandatory minimum sentence for the second § 924(c) violation.

In 2020, Meachum moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He sought to take advantage of a statutory change. Two years earlier, Congress had amended § 924(c) to provide that the statute's consecutive mandatory minimum sentences no longer apply to those who are convicted of multiple § 924(c) violations in one prosecution. *See* First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221–22 (2018) (codified at 18 U.S.C. § 924(c)(1)(C)). This change does not apply retroactively, *see id.* § 403(b), and may not, "whether considered alone or in connection with other facts and circumstances," be "an 'extraordinary and compelling' reason to authorize a sentencing reduction." *United States v. Thacker*, 4 F.4th 569, 571 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 1363 (2022). Recognizing this, Meachum argued that his medical conditions—including hypertension—increased his likelihood of contracting a severe case of COVID-19, creating an "extraordinary and compelling" reason to justify a reduced sentence. But, he added, the changes to § 924(c) suggest that, under the sentencing factors of 18 U.S.C. § 3553(a), he is not a dangerous person.

The district court denied Meachum's motion. It concluded that his hypertension did not justify release despite it being a COVID-19 risk factor because (1) he was receiving adequate care for the condition in prison and (2) the vaccination rate at his prison was sufficient to protect him, regardless of whether he was vaccinated. Moreover, the court ruled that even if Meachum could demonstrate extraordinary and compelling reasons based on his health, release would not be warranted in light of the sentencing factors under 18 U.S.C. § 3553(a). The court noted that "the nature and circumstances of the offense," § 3553(a)(1), were severe: "[Meachum] conspired with other police officers to intimidate and rob drug dealers for their own benefit rather than bringing the criminals to justice in service of the community[,] … [and his] offense was a serious, deliberate, and [] inexcusable abuse of power … ." It also noted that releasing Meachum early would lower his sentence's general deterrent value. *See* § 3553(a)(2)(B).

On appeal, Meachum argues that the district court did not properly consider the § 3553(a) factors. First, he contends, the court failed to address whether the changes to § 924(c) suggest that Congress considers his crimes less serious than before. Second, and

relatedly, Meachum argues that the district court did not adequately consider how those changes to § 924(c) affect his sentence's general deterrent effect.

We review the district court's ruling for abuse of discretion, *see United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021), and conclude the court reasonably considered the § 3553(a) sentencing factors. It is true that we have "allow[ed]" district courts "to consider the change to § 924(c)" when applying the § 3553(a) factors (*after* the prisoner has established extraordinary and compelling grounds for release that themselves do not depend on the amendment). *Thacker*, 4 F.4th at 575–76. But this consideration is permissive, not mandatory, and a decision declining to assess a permissive sentencing factor is not an abuse of discretion. *See United States v. Garcia-Segura*, 717 F.3d 566, 569 (7th Cir. 2013) ("Just because the sentencing court may have been authorized to" take a factor into account "does not mean that it acted unreasonably when refusing to do so."). Moreover, in balancing the § 3553(a) factors, the court was free to spotlight Meachum's breach of public trust, the associated penalties, deterrence, or all three. *See United States v. Saunders*, 986 F.3d 1076, 1077–78 (7th Cir. 2021); *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). The court's decision to focus principally on Meachum's "abuse of power" and not deterrence was a valid basis to deny release—for "[o]ne good reason" is enough to deny the motion. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

Meachum also argues that the court erred in finding that his health was not an extraordinary and compelling reason for release. In his view, the court ignored some evidence of his medical conditions and assumed without justification that the availability of vaccines to other inmates in his prison protected him. But we do not need to assess its alternative finding that he presented no extraordinary and compelling reasons: The court adequately explained why release was inappropriate under § 3553(a), even if his health conditions were an extraordinary and compelling basis for release. *See Rucker*, 27 F.4th at 563.

We have considered Meachum's other arguments, but none has merit.

AFFIRMED