> NONPRECEDENTIAL DISPOSITION
>
> To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2022[*]
Decided May 18, 2022

***Before***

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2268

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 14-CR-20033 |
| GREG BULLIAS, *Defendant-Appellant*. | Harold A. Baker, *Judge*. |

## O R D E R

Greg Bullias, a 60-year-old federal inmate suffering from chronic health conditions, moved for compassionate release based on his heightened risk of contracting a severe case of COVID-19. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district court denied relief because Bullias's risk was relatively low, especially given that he was

---

[*] We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

vaccinated against the virus. The court further concluded that the sentencing factors under 18 U.S.C. § 3553(a) counseled against early release. We affirm the judgment.

After federal agents seized over 1,300 pornographic images and videos of children from Bullias's email, he pleaded guilty to possessing and distributing child pornography. *Id.* § 2252A(a)(2)(A), (a)(5)(B), (b)(1)–(2). He was sentenced to 14 years in prison with 10 years of supervised release. He is housed at the Federal Correctional Institution, Fort Dix in New Jersey and is projected to be released in July 2026.

In spring 2021, Bullias moved, with later help from counsel, for compassionate release based on his increased risk of COVID-19 in light of his age, past smoking, and health conditions—obesity, hyperlipidemia, hypothyroidism, and history of chronic obstructive pulmonary disease (COPD). Despite being vaccinated against the virus, he contended that he remained at risk of infection because his prison has had severe COVID-19 outbreaks and because his health conditions might have reduced the effectiveness of the vaccine. Bullias also suggested release was appropriate given his minimal prior criminal history, disciplinary record, and risk of reoffending, as well as the seven years he had already served.

The district court denied the motion. To start, the court ruled that Bullias had not presented an extraordinary and compelling reason for release. The court acknowledged that Bullias's age, obesity, and history of smoking increased his risk of complications from COVID-19, but determined that his other conditions were not correlated with any such danger. And although COPD was another risk factor, the court saw no evidence confirming a diagnosis beyond Bullias's own statement that he suffered from "a touch of COPD." Regardless, the court concluded that any risk of complications from COVID-19 was low: Bullias was vaccinated, as were over half of the inmates and staff at the prison, and at the time the prison had only two active cases among the staff.

The court further ruled that the § 3553(a) factors independently weighed against release. It emphasized the "egregious" nature of Bullias's offense based on his extensive child pornography collection and concluded that his serving the remaining roughly five years of his sentence would better reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence. *See id.* § 3553(a)(1), (2)(A)–(B). The court also highlighted the need to protect the public because Bullias had been disciplined twice for fighting while in prison. *See id.* § 3553(a)(2)(C).

On appeal, Bullias first argues that the court improperly relied on his vaccination status to conclude that he does not face a serious risk of infection while in prison. He

insists that vaccinated people have become infected with variants of COVID-19, and that the reported data reflect that an inmate at his prison is twice as likely to become infected than a person in Peoria, Illinois. He further believes those reports are undercounting the actual infections at the prison.

But Bullias misapprehends the standard to obtain compassionate release. He needed to show that the risk he faces from COVID-19 complications was so "extraordinary and compelling" that release from prison is warranted, § 3582(c)(1)(A)(i); not merely, as he contends, that he faces a greater relative risk in prison than outside of it. The district court here did not abuse its discretion by concluding that Bullias did not meet this high standard. The court carefully reviewed his medical records and considered his arguments for release, just as it should have. *See United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022); *United States v. Manning*, 5 F.4th 803, 807 (7th Cir. 2021). From this evidence, the court reasonably predicted that Bullias would not be particularly likely to experience any severe illness from COVID-19. Even accepting Bullias's point that vaccination is not an impenetrable defense against disease, we see no error in the district court's inference that his vaccination only further reduced his likelihood of contracting—or suffering severe complications—from the virus. *See United States v. Broadfield*, 5 F.4th 801, 802–03 (7th Cir. 2021) ("[P]ublished data do not establish or imply an incremental risk for prisoners … after vaccination … .").

In any event, regardless of the district court's health predictions, its § 3553(a) reasoning independently sustains the judgment. *See Rucker*, 27 F.4th at 563; *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Bullias contends that the court overemphasized the severity of his no-contact offense and the likelihood of his reoffending, as well as the threat to the public based on his fighting infractions that he maintains were self-defense. But we do not reweigh the factors ourselves, and instead ask only that the district court provide a reasonable explanation for its decision. *See United States v. Sanders*, 992 F.3d 583, 588 (7th Cir. 2021). The court here satisfied that requirement by highlighting a few good reasons, and no bad ones, for denying early release from prison. *Rucker*, 27 F.4th at 563; *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021). Most notably, the court emphasized Bullias's extensive child pornography collection, questionable postconviction behavior, and the remaining time on his sentence. Bullias adds only that the government *offered* the court a bad reason for denying release—his failure to attend a sex-offender treatment program that his prison does not provide. But the court never discussed this program in its decision and the government does not rely on it in this court, so the dispute is immaterial.

We AFFIRM the judgment of the district court.