NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 17, 2022[*]
Decided June 21, 2022

**Before**

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2867

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:12-cr-10115-JES-JEH-4 |
| WILLIAM M. WATTS, *Defendant-Appellant.* | James E. Shadid, *Judge.* |

**O R D E R**

William Watts appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Because the district court did not abuse its discretion in determining that the factors under 18 U.S.C. § 3553 weighed against release, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2014, Watts pleaded guilty to conspiring to manufacture, distribute, and possess with the intent to distribute cocaine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 846; 18 U.S.C. § 2. The district court sentenced him to the statutory minimum 20-year sentence, which Watts faced because he had two prior Illinois convictions for unlawful delivery of controlled substances. *See* 21 U.S.C. § 841(b)(1)(A).

Less than halfway into his sentence, Watts moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He asserted that his hypertension increased his vulnerability to complications from COVID-19, which he believed he was likely to catch because his prison had failed to contain the spread of the disease. Watts also argued that the decision of this court in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), altered his sentencing range. *Ruth* held that a violation of 720 ILL. COMP. STAT. 570/401(c)(2) involving cocaine does not trigger the statutory enhancement under 21 U.S.C. § 841(b)(1)(C). 966 F.3d at 650. According to Watts, his prior Illinois drug convictions no longer qualified for the 20-year statutory minimum sentence he received.

The court denied the motion, concluding that Watts had not shown an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A)(i). The court acknowledged hypertension's listing as a COVID-19 risk factor by the Centers for Disease Control and Prevention but pointed out that Watts' prison reported no COVID-19 cases at the time. The court also determined that the factors under 18 U.S.C. § 3553 weighed against release: Watts' offense involved a large quantity of cocaine, he was a career offender who had served less than half of his below-guidelines sentence, and his criminal history included repeated violations of supervised release.

On appeal Watts first argues that the district court overlooked the impact of *Ruth* on his eligibility for a lower statutory-minimum prison term. But the court permissibly bypassed that argument because it lacked discretion under § 3582(c)(1)(A)(i) to reduce a statutory-minimum sentence asserted to be unfairly long. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). The appropriate path for prisoners to contest the length of their sentences is set forth in 28 U.S.C. § 2255. *Id*.

Watts also challenges the court's decision that he did not establish an extraordinary and compelling reason for release based on his hypertension and the spread of COVID-19 in prison. But his attack on two of our decisions is misplaced. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021); *United States v. Ugbah*, 4 F.4th 595 (7th Cir. 2021). The district court did not rely on those decisions. The court

supported its decision by explaining that the § 3553(a) factors weighed against release based on the seriousness of Watts' offense, his "significant" criminal history, and the need to provide just punishment and promote respect for the law. *See* 18 U.S.C. § 3553(a)(1), (2); *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). Watts argues that the court failed to analyze each § 3553(a) factor, but even one good reason for denying relief is sufficient. *See Rucker*, 27 F.4th at 563.

AFFIRMED