NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2022[*]
Decided September 7, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-2992

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:10-cr-36-JRS-MJD-1 |
| JUSTIN JONES, *Defendant-Appellant*. | James R. Sweeney II, *Judge*. |

**O R D E R**

Justin Jones appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Because the district court reasonably concluded that Jones had not presented an extraordinary and compelling reason for early release, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2010, Jones pleaded guilty to two counts of brandishing a firearm during a Hobbs Act robbery. See 18 U.S.C. § 924(c). The district judge sentenced him to a total of 240 months' imprisonment and two concurrent five-year terms of supervised release. Jones now serves his sentence at Federal Correctional Institution, McDowell in West Virginia.

More than halfway into his sentence, Jones, then 35, moved for compassionate release based on underlying medical conditions. Assisted by appointed counsel, Jones asserted that his acute renal failure, epilepsy, and heart blockage increased his risk of complications if he were to contract COVID-19. He also pointed to his relatively good prison disciplinary record, vocational-course credits earned, and progress he had made toward a theology degree.

The judge then ordered Jones to address his vaccination status in light of *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021), which held that, for most prisoners, the availability of vaccines made it impossible to conclude that the risk of COVID-19 was an "extraordinary and compelling" reason for early release. In response, Jones conceded he had been fully vaccinated but asserted that he was not medically able to benefit from vaccination because of his recent diagnosis of thalassemia, a blood disorder that can undermine the body's immune system.

The district judge denied Jones's motion, concluding that he had not shown an extraordinary and compelling reason for early release. The judge acknowledged Jones's various health concerns, including a prior COVID-19 infection, but cited reports from the Centers for Disease Control and Prevention supporting *Broadfield*'s conclusion that vaccination remained effective to protect against severe complications from COVID-19. The judge also noted that Jones's facility at the time reported no active COVID-19 cases. Finally, the judge brushed aside Jones's concern that his thalassemia may limit the extent of protection he receives from the vaccine; the judge cited CDC statistics showing that those who are fully vaccinated face a substantially reduced risk of serious COVID-19 infection.

On appeal, Jones contends that *Broadfield*'s holding is inapplicable to him because it does not account for his severe medical conditions. He maintains that, despite being fully vaccinated, he is at great risk of complications from COVID-19 because of his kidney, heart, and blood disorders as well as his epilepsy, and that this heightened risk presents an extraordinary and compelling reason for release.

But the judge appropriately exercised his discretion in denying Jones's motion. See *United States v. Rucker*, 27 F.4th 560, 562 (7th Cir. 2022). We have acknowledged that *Broadfield* "was handed down before Omicron became the dominant variant in this country (with an increase in breakthrough infections among the fully vaccinated)." *Rucker*, 27 F.4th at 563. Recent events illustrate how quickly the pandemic conditions continue to evolve and "underscore the need for a district court's opinion to leave us assured that it considered the applicant's individualized arguments and evidence." *Id.* (citing *United States v. Newton*, 996 F.3d 485, 491 (7th Cir. 2021)). Here, the judge acknowledged Jones's specific health conditions, including his fear that his thalassemia compromised his immunity, but permissibly relied on CDC statistics demonstrating vaccine efficacy. Although Jones contends that he remains at risk as the pandemic "continues to evolve, he has not presented any evidence establishing that he is more at risk of an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022).

Jones also argues that the sentencing factors under 18 U.S.C. § 3553(a) weigh in favor of release, and that the judge failed to account for his rehabilitation, such as his theological and vocational education and lack of disciplinary infractions in prison. But the judge did not need to consider the § 3553(a) factors once he concluded that Jones had not presented an extraordinary and compelling reason for early release. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

AFFIRMED