In the

# United States Court of Appeals

### For the Seventh Circuit

No. 22-1244

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMELL NEWBERN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:05-cr-30071 — **Staci M. Yandle**, *Judge.*

ARGUED SEPTEMBER 21, 2022 — DECIDED OCTOBER 12, 2022

Before FLAUM, SCUDDER, and KIRSCH, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Earlier this year the Supreme Court decided *Concepcion v. United States*, holding that "when deciding a First Step Act motion, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' arguments." 142 S. Ct. 2389, 2404 (2022). Jamell Newbern appeals the denial of his request for sentencing relief under the First Step Act. He is correct that the district court fell short in demonstrating that

it had considered one of his primary arguments for relief. So we must vacate and remand.

## I

### A

In 2005 Newbern pleaded guilty to possessing crack cocaine with intent to distribute. See 21 U.S.C. § 841(a)(1). At sentencing, the district judge at the time, David Herndon, found that Newbern had been convicted of two prior crimes of violence, one of which was reckless discharge of a firearm. This qualified Newbern as a career offender under the Sentencing Guidelines. See U.S.S.G. § 4B1.1(a) (2005). Judge Herndon also determined that Newbern had distributed at least 50 grams of crack cocaine. Newbern's career-offender status combined with the district judge's drug-quantity finding resulted in an advisory range of 262–327 months' imprisonment. Judge Herndon sentenced Newbern to 300 months, explaining that he would have imposed the same sentence regardless of the career-offender determination.

The law has changed in meaningful ways following Newbern's sentencing. First, our court has since held that reckless discharge of a firearm is not a crime of violence and thus cannot support a career-offender designation. See *United States v. Smith*, 544 F.3d 781, 786 (7th Cir. 2008). Newbern tried several times to seek relief based on *Smith* but was unsuccessful—with Judge Herndon twice reiterating that he would have sentenced Newbern to 25 years regardless of his career-offender status. Second, Congress enacted the Fair Sentencing Act of 2010, which reduced the sentencing disparity between crack-cocaine and powder-cocaine offenses. See Pub. L. No. 111-

220, § 2(a), 124 Stat. 2372, 2372. By its terms, however, that statute did not apply retroactively.

B

In 2018 Congress enacted the First Step Act, making retroactive the Fair Sentencing Act's changes to the crack-to-powder disparity. See Pub. L. No. 115-391, 132 Stat. 5194. Newbern responded by invoking the First Step Act and requesting a reduced sentence. Everyone agreed he met the criteria Congress established to qualify for relief: his original sentence was based on the pre–Fair Sentencing Act crack-to-powder ratio; he committed his crime before August 2, 2010; his sentence had not been previously reduced under the First Step Act; and a previous motion for a sentence reduction had not been denied on the merits. See First Step Act § 404.

But Newbern did not limit his request for a reduced sentence to contentions about drug quantities under the new (and now retroactive) crack-to-powder ratio. He also pointed to our decision in *Smith* and argued anew that his prior conviction for reckless discharge of a firearm no longer qualifies as a crime of violence for purposes of the career-offender enhancement. Even more, Newbern underscored his record of good conduct in prison and argued that it too supported a reduced sentence.

By the time Newbern sought relief under the First Step Act, Judge Herndon had retired from the district court, leading to the case being reassigned to Judge Staci Yandle. For her part, Judge Yandle denied Newbern's motion. First, Judge Yandle observed that Newbern's guidelines range would remain the same even after accounting for the reduced crack-to-powder disparity. Second, Judge Yandle acknowledged and

then adopted Judge Herndon's statements that the original 300-month sentence remained justified regardless of Newbern's career-offender status. In short, Judge Yandle saw no reason to disagree with Judge Herndon's prior decisions denying Newbern's requests for a reduced sentence. At no point, though, did Judge Yandle address Newbern's contentions based on his conduct while in prison.

Newbern now appeals.

## II

We conduct our own independent review of the procedure district courts follow when denying First Step Act relief. See *United States v. Fowowe*, 1 F.4th 522, 526 (7th Cir. 2021). And we must do so against the backdrop of the Supreme Court's intervening decision in *Concepcion v. United States*, which is central to our holding today.

## A

*Concepcion* presented a question that had divided courts across the country: When ruling on First Step Act motions, are district courts required to, permitted to, or never allowed to consider intervening legal and factual developments beyond the changes to the crack-to-powder sentencing ratio? This question implicated both substantive and procedural considerations. On the substantive side, the Court assessed the scope of what a district court could properly consider in resolving a First Step Act motion. On the procedural front, the Court addressed what, if any, steps a district court must take when ruling on a First Step Act motion. Both dimensions of the Court's opinion are important here.

As for the substantive point, the Court emphasized district courts' discretion to consider *any* information relevant to the

sentencing factors enumerated in 18 U.S.C. § 3553(a)—even if that information does not relate to the new crack-to-powder ratio. See 142 S. Ct. at 2401–04. The Court specifically highlighted and endorsed examples from district courts where a defendant's conduct in prison or intervening legal developments affected a determination of what, if any, sentencing reduction to award. See *id.* at 2403 (collecting cases). One example the Court pointed to bears remarkable similarity to this case—the defendant had "incurred no disciplinary infractions over his last fourteen years in prison" and "would no longer be considered a career offender based on an intervening change in law." *Id.* (citing *United States v. Mitchell*, No. 05-00110, 2019 WL 2647571, at *8 (D.D.C. June 27, 2019)). *Concepcion* made plain that district courts are allowed to consider this kind of "relevant and probative information." *Id.*

On the procedural side, the Court reminded district courts that they "must generally consider the parties' nonfrivolous arguments" and "make clear that [they] 'reasoned through [the parties'] arguments.'" *Id.* at 2404 (second alteration in original) (quoting *United States v. Maxwell*, 991 F.3d 685, 693 (6th Cir. 2021)). Indeed, the Court emphasized that this is the "standard obligation" shouldered by district courts in the ordinary sentencing context. *Id.*

Along the way, the Court took care to underscore the significant discretion that district courts have in resolving First Step Act motions. District courts, the Court emphasized, are "not required to be persuaded by every argument parties make" and can "dismiss arguments that [they do] not find compelling without a *detailed* explanation." *Id.* (emphasis added). Nor are district courts required to "expressly rebut each argument," particularly arguments that are frivolous or

poorly developed. *Id.* (quoting *Maxwell*, 991 F.3d at 694). At bottom, though, *Concepcion* requires district courts to respond to defendants' nonfrivolous arguments for relief.

B

The contrast between the district court's procedural approach to Newbern's first argument (based on his career-offender status) and his second (based on his good conduct in prison) highlight what *Concepcion* means in practice.

As to Newbern's first argument, the district court's order included a very brief—but sufficient—explanation. The district court essentially incorporated by reference Judge Herndon's prior determinations and found no reason to disagree with his conclusion that he would have sentenced Newbern to the same term notwithstanding the career-offender designation. This approach makes sense and reflects no error. Judge Yandle respected Judge Herndon's comparative familiarity with the case and saw nothing in the intervening legal developments that warranted upsetting his prior determination that Newbern's conduct warranted a 300-month sentence regardless of his status as a career offender. *Concepcion* requires no more.

But we see things differently when it comes to the district court's failure to respond to Newbern's argument for relief based on his good behavior in prison. *Concepcion* expressly established that conduct in prison—good or bad—can be properly considered in a First Step Act motion. See *id.* at 2402–03. Newbern meaningfully emphasized his positive record in his motion. By no means was Newbern making a throwaway point. To the contrary, he devoted about a full page of his motion to highlighting his clean disciplinary record,

employment in prison, completion of a drug-education course, and earning a GED. *Concepcion* does not require a detailed explanation in response to these considerations, but we cannot be sure that the district court considered Newbern's arguments when it provided no explanation at all. *Id*. at 2404.

We recognize that the district court did not have the benefit of *Concepcion* when ruling on Newbern's First Step Act motion. But with *Concepcion* now on the books, it is clear that the district court's failure to address Newbern's good-conduct argument rises to the level of procedural error. In these circumstances, we must VACATE and REMAND for further proceedings consistent with *Concepcion*.