In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________
No. 22-1587
UNITED STATES OF AMERICA,
 Plaintiff-Appellee,
 v.

JAMES F. WILLIAMS,
 Defendant-Appellant.
 ____________________

 Appeal from the United States District Court for the
 Southern District of Illinois.
 No. 4:98-cr-40093 — Staci M. Yandle, Judge.
 ____________________

 ARGUED DECEMBER 5, 2022 — DECIDED MARCH 2, 2023
 ____________________

 Before BRENNAN, SCUDDER, and ST. EVE, Circuit Judges.
 SCUDDER, Circuit Judge. James Williams is serving a life
sentence for various drug-related crimes committed while he
was a leader for the Gangster Disciples in Carbondale, Illinois.
Decades after his conviction, Williams asked a district court
to reduce his sentence. The court denied his motion because
Williams maintained his involvement with the Gangster Dis-
ciples while in prison. We affirm.
2 No. 22-1587

 I
 In 1998 a federal grand jury indicted Williams, then a
leader of the Gangster Disciples, on federal narcotics charges
under 21 U.S.C. §§ 841(a)(1) and 846. A trial ended with a jury
convicting Williams on all counts. The district court sentenced
Williams to concurrent sentences of 240 months on two
counts and a life sentence on a third count, owing in no small
part to evidence showing that Williams directed a murder to
further the gang’s drug dealing activities. See U.S.S.G.
§ 2A1.1.
 More than twenty years later Williams invoked the First
Step Act of 2018 and sought to reduce his sentence to time
served. See Pub. L. No. 115-391, 132 Stat. 5194. The statute
gives district courts discretion to reduce the sentences of in-
mates who demonstrate that their original sentence reflected,
among other things, the statutory penalties for crack cocaine
offenses in place before the Fair Sentencing Act of 2010. See
First Step Act § 404. Williams pointed not only to the revised
penalty scheme but also to his advanced age, poor health, and
record of good behavior in prison as justifications for relief.
 Williams’s motion met firm opposition from the govern-
ment. The government’s central concern was that Williams re-
mained affiliated with the Gangster Disciples within federal
prison and thus posed an ongoing risk to the public. Because
Williams disputed that contention, the district court held a
hearing to address whether, despite being incarcerated, he re-
mained affiliated with the gang.
 Prior to the hearing, the government proffered evidence to
support its position. That evidence included photos of Wil-
liams posing within prison with other Gangster Disciples. The
No. 22-1587 3

government also produced investigative reports showing that
Williams’s affiliation extended beyond maintaining relation-
ships with gang members and included helping distribute
drugs for the gang within the prison. At the hearing, Williams
disputed the extent of his involvement with the Gangster Dis-
ciples and the reliability of the government’s evidence. But he
admitted through his counsel that he continued his associa-
tion with the Gangster Disciples.
 That admission proved fatal to Williams’s request for a re-
duced sentence. The district court explained that Williams’s
ongoing affiliation with the Gangster Disciples was by itself
“sufficient” to deny relief—regardless of the precise extent of
his involvement. But the district court went further and found
that Williams was still participating in drug dealing with and
for the gang. Right to it, the district court found that Williams
“continues to demonstrate a lack of respect for the law,” was
“undeterred from criminal activity,” and “continues to pose a
significant danger to the community.”
 Williams now appeals.
 II
 The First Step Act allows district courts to provide sen-
tencing relief to certain defendants who were convicted of co-
caine-related offenses. See First Step Act § 404. We have ex-
plained that the statute creates a two-step process. First the
court must determine whether the defendant is eligible for re-
lief under the statute. If so, “then the court faces the [second]
question of whether it should reduce the sentence.” United
States v. Hudson, 967 F.3d 605, 610 (7th Cir. 2020). In making
that assessment, the district court enjoys the same broad dis-
cretion traditionally afforded to initial sentencing
4 No. 22-1587

determinations. See Concepcion v. United States, 142 S. Ct. 2389,
2404 (2022). The district court may consider “any information
relevant to the sentencing factors enumerated in 18 U.S.C.
§ 3553(a).” United States v. Newbern, 51 F.4th 230, 232 (7th Cir.
2022). We will reverse only if the district court abused that
broad discretion. See United States v. Fowowe, 1 F.4th 522, 526
(7th Cir. 2021).
 In this case our analysis is straightforward. Everyone
agrees that Williams meets the First Step Act’s eligibility cri-
teria for a reduced sentence, so the only issue is whether the
district court properly exercised its discretion in denying the
request.
 As we see it, the district court properly grounded its rea-
soning in the sentencing factors in § 3553(a). The record is
clear that even in prison, Williams remained affiliated with
the Gangster Disciples. The government proffered significant
evidence to support the allegation, and Williams himself ad-
mitted to the ongoing involvement. That admission weighed
heavily in the district court’s final analysis. And for good rea-
son: Williams’s affiliation with and leadership within the
Gangster Disciples was central to the underlying offense con-
duct in his original case. See 18 U.S.C. § 3553(a)(i) (providing
that a sentencing court may consider “the nature and circum-
stances of the offense and the history and characteristics of the
defendant”).
 Williams’s ongoing involvement with the Gangster Disci-
ples directly related to other sentencing factors as well. It
showed that his sentence had not deterred him and that he
posed an ongoing risk to the public. See id. (explaining that
the sentence imposed should “afford adequate deterrence”
and “protect the public from further crimes of the
No. 22-1587 5

defendant”). The district court acted well within the bounds
of its broad discretion in denying relief based on Williams’s
gang affiliation, and we can affirm on these grounds alone.
 For his part, Williams urges a different outcome by con-
testing the reliability of the government’s evidence that he
was distributing drugs within the prison. See United States v.
Perez, 956 F.3d 970, 976–77 (7th Cir. 2020) (explaining that due
process requires the sentencing court to consider only evi-
dence with “sufficient indicia of reliability” (quoting United
States v. Taylor, 72 F.3d 533, 543 (7th Cir. 1995))). But as we
have explained in a related context, the court only needed
“one good reason” to deny relief. United States v. Rucker, 27
F.4th 560, 563 (7th Cir. 2022) (affirming the denial of a com-
passionate-release motion).
 The district court had that reason here. It made abun-
dantly clear during the hearing and in its written order that
Williams’s ongoing affiliation with the Gangster Disciples
was alone enough to deny his motion for a shortened sen-
tence. The district court’s further finding that Williams was
distributing drugs for the Gangster Disciples was an inde-
pendent yet unnecessary basis for denying his motion. We
therefore do not need to delve into the particulars of that find-
ing.
 Seeing no error, we AFFIRM.